IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LATERRANCE ESHAWN McCORVEY | § | |
| | § | |
| v. | § | 1:09cv286 |
| | § | 1:07cr130 |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN
FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [73] of Defendant Laterrance McCorvey, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255.  The Government has filed a Response [83].  Defendant seeks to set aside his June 25, 2008, Judgment of Conviction [70] for possession with intent to distribute five grams or more of cocaine base.  After due consideration of the issues presented, the record, and the relevant legal authorities, the Court is of the opinion that the Motion [73] should be denied.

I. FACTS AND PROCEDURAL HISTORY

Defendant was charged in a five count Indictment [20] on October 11, 2007. Count 1 alleged that from May 23, 2006, and continuing until the date of indictment, McCorvey and two other defendants, did knowingly and willfully conspire and agree with each other and others both known and unknown to the Grand Jury, to possess with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack," a Schedule II(a)

-1-

narcotic drug controlled substance, as prohibited by 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, all in violation of 21 U.S.C. § 846.  McCorvey was not charged in Count 2.  Count 3 charged that on May 23, 2006, McCorvey and one other defendant, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack," a Schedule II(a) narcotic drug controlled substance, in violation of  21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Count 4 alleged that on August 12, 2007, McCorvey, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack," a Schedule II(a) narcotic drug controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The Indictment also included a Notice of Forfeiture, pursuant to 21 U.S.C. § 853(p).

On December 11, 2007, Defendant entered into a written Plea Agreement [50] with the Government.  Pursuant to the Plea Agreement, Defendant pleaded guilty to Count 3 of the Indictment, which charged him with possession of a controlled substance with the intent to distribute.  As part of his guilty plea, McCorvey specifically waived his right to seek post-conviction relief in this case, including a Motion brought under 28 U.S.C. § 2255.

On June 25, 2008, the Court sentenced McCorvey to one hundred and five

(105) months incarceration.  In addition, Defendant was sentenced to a five (5) year term of supervised release, a $3,000.00 fine, and a $100.00 special assessment.  The Judgment of Conviction was executed on June 25, 2008.  McCorvey did not appeal to the United States Court of Appeals for the Fifth Circuit.

On May 1, 2009, McCorvey filed a Motion [73] to Vacate pursuant to 28 U.S.C. § 2255, asserting that his counsel was ineffective for: (1) failing to challenge the drug calculation and criminal history category, and (2) failing to file a timely notice of appeal.

## II. DISCUSSION

A.     Waiver of Right to Post-Conviction Relief

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000).  This requires that defendant have "a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).  The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal issue. *United Stats v. Portillo*, 18 F. 3d 290, 292 (5th Cir. 1994).

As part of his negotiated Plea Agreement, McCorvey waived his right to appeal the sentence or the manner in which it was imposed.  In addition, he waived his right to contest the sentence in a post-conviction proceeding or by §2255 motion.  The Plea Agreement states in relevant part as follows:

> **15. Waivers**.  Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:
>
>> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
>
>> b.  the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case. . . .

Plea Agreement [27] ¶ 15.

At the change of plea colloquy on December 20, 2007, McCorvey was placed under oath and advised of the rights and implications surrounding his guilty plea. McCorvey acknowledged that by entering a plea of guilty, he was waiving his right to appeal his conviction and sentence, or to bring any post-conviction motions. McCorvey stated that he understood and voluntarily agreed to all terms and conditions of the Plea Agreement, including its waivers.

The record reveals that McCorvey's guilty plea was knowing and voluntary. McCorvey neither asserts, nor points to any record evidence, that his explicit waiver in the written Plea Agreement, which was signed by McCorvey and his counsel, was not informed and voluntary.  McCorvey's § 2255 Motion is therefore foreclosed by this

waiver.  *See, e.g., United States v. Hoctel*, 154 F.3d 506, 508 (citing *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992)).  Regardless of any waiver, McCorvey could not succeed on the merits of his § 2255 claims of ineffective assistance of counsel.

B.   Ineffective Assistance of Counsel Claim

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also United States v. Cates,* 952 F.2d 149, 151 (5th Cir. 1992).  "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991)).  Relief under § 2255 is therefore reserved for violations of constitutional rights and for a narrow range of injuries which could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice.  *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992).

Although a guilty plea generally waives all non-jurisdictional defects, including an ineffective assistance claim, Defendant may raise an ineffective assistance claim to the extent that it affected the voluntariness of his plea.  *United States v. Cavitt,* 550 F.3d 430, 441 (5th Cir. 2008).  "Where, as here, a defendant is represented by counsel

during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quotation omitted).

The United States Supreme Court has held that the two-part standard applied in *Strickland v. Washington*, 466 U.S. 668 (1984), is applicable to ineffective assistance claims arising out of the plea process. *Hill*, 474 U.S. at 57-58. A defendant must therefore show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 57 (quoting *Strickland*, 466 U.S. at 687-88, 694). When considering whether counsel provided ineffective assistance, the Court must presume that "counsel's conduct f[ell] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

McCorvey alleges that counsel was ineffective during the sentencing phase for failing to object to the offense level calculations and criminal history points computations. McCorvey does not assert, however, that counsel's actions affected the validity of the underlying Plea Agreement or the waivers contained therein. His claim of ineffective assistance of counsel fails on this basis alone. *See, e.g., United States v. Tyler*, No. 5:07cr17, 2009 WL 2169829, at * 3 (S.D. Miss. July 20, 2009).

Moreover, to prevail on his claims of ineffective assistance of counsel,

McCorvey must demonstrate that counsel's performance was both deficient and prejudicial. In order to show prejudice, McCorvey must show that there is a "reasonable probability that, but for counsel's alleged errors, the sentencing would have been different." *United States v. Phillips*, 210 F.3d 345, 350 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 694)). McCorvey argues that his sentence might have been lessened had counsel objected to the drug calculations and criminal history computations. Mem. in Supp. of Mot. at p. 3-4. However, "[b]ecause the conviction was correctly scored, any objection by his counsel to its scoring would have been overruled." *Sanchez-Lira*, 2005 WL 2263531, at *5. "An attorney's failure to raise a meritless argument. . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). The Court has once again reviewed the Presentence Investigation Report, and finds that the Sentencing Guidelines calculations were correct. Because McCorvey did not suffer any prejudice from his counsel's failure to object, his ineffective assistance claims on this basis cannot succeed.

McCorvey further argues that his counsel was ineffective for failure to timely file a notice of appeal. The Fifth Circuit has held that a lawyer's failure to file a notice of appeal when requested is *per se* ineffective assistance of counsel. This is true even when the right to appeal and collateral review has been waived. *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007).

> In such circumstances, if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.

*Id.* at 266.

Here, other than asserting that he requested an appeal, McCorvey has produced insufficient evidence to demonstrate by a preponderance of the evidence, that he requested an appeal. To the contrary, the record evidence reflects that McCorvey communicated to his counsel that he did not wish to pursue an appeal. Powell Aff. [82]. This claim must be dismissed.

### III. CONCLUSION

For the reasons stated herein, the Court finds that McCorvey's Motion [73] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [73] of Defendant Laterrance McCorvey, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, should be and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 12th day of May, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE