IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 1:07-cr-130-HSO-RHW

LATERRANCE ESHAWN McCORVEY

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

Before the Court is Defendant's Motion for Reduction of Sentence [93] pursuant to 18 U.S.C. § 3582(c)(2). Defendant premises his Motion on the Fair Sentencing Act of 2010, Pub. L. 111-220, and resulting retroactive Amendment 750 to the United States Sentencing Guidelines, which reduced the crack to powder cocaine sentencing disparity from 100-to-1 to 18-to-1. *Dorsey v. United States,* 132 S. Ct. 2321, 2326 (2012). The Government has filed a Response [96]. Defendant has not filed a Reply, and the time for doing so has passed. The Court, having considered the record, the briefs and arguments of the parties, and the relevant legal authorities, finds that, even under the amendments to the Sentencing Guidelines, Defendant is not eligible for a sentence reduction. His Motion [93] should be denied.

I. FACTS AND PROCEDURAL HISTORY

On May 23, 2006, Defendant was arrested after law enforcement found him in possession of suspected crack cocaine, cocaine hydrochloride, and marihuana.

Presentence Investigation Report ["PSR"][67] at p. 3.  On December 20, 2007, Defendant pled guilty to one count of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).  *Id.* at p. 4.  In return for Defendant's plea, the Government agreed to recommend that the Court utilize 27.4 grams of cocaine base and 14.7 grams of cocaine hydrochloride as the drug quantities for sentencing purposes.  *Id.*  Based on these quantities, the PSR calculated Defendant's base offense level as 26.  *Id.* at p. 6.  Defendant received a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 23.  *Id.*  With a criminal history category of V, Defendant's resulting Guideline range for imprisonment was 84 to 105 months, subject to a five year statutory minimum.  *Id.* at pp. 9, 12.  Neither party lodged any objections to the PSR, and all agreed at sentencing that the Guideline computations therein were correct.  Tr. of Sentencing [83-2] at pp. 2-3.

At sentencing on June 25, 2008, the Court adopted the PSR in its entirety as the Court's findings of fact, and found that a departure was not authorized.  *Id.* at p. 3.  The Court sentenced Defendant to 105 months imprisonment, to be followed by five years of supervised release.  *Id.* at p. 13.  Defendant now seeks a reduction in his sentence to 70 months.  Mot. for Reduction of Sentence [93] at p. 6.

## II.  DISCUSSION

A.  <u>Legal Standard</u>

A district court's denial of a sentence reduction under section 3582(c)(2) is

reviewed for abuse of discretion, while its interpretation of the United States Sentencing Guidelines is reviewed de novo, and its findings of fact for clear error. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009).

B.    Application of Sentencing Guidelines

18 U.S.C. § 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. *Dillon v. United States,* 130 S. Ct. 2683, 2691-92 (2010); *see* 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2011). "[I]n 2011, after Congress passed the Fair Sentencing Act, the Sentencing Commission adopted Amendment 750, making permanent Amendment 748, which put into place a new framework for calculating crack sentences." *United States v. Johnson,* No. 12-50005, 2012 WL 2423939, *2 (5th Cir. 2012); *see* U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 750, at 391-98 (2011). "Amendment 750 (parts A and C only)" apply retroactively. U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c)(2011) (listing those Guideline amendments that may be applied retroactively); *see United States v. Robinson,* No. 11-51264, 2012 WL 2302369, *1 (5th Cir. 2012).

"In determining whether to modify the defendant's sentence, the district court is first required to find the amended guideline range that would have been applicable to the defendant if the relevant amendment had been in effect at the

3

time of the initial sentencing." *United States v. Hernandez,* 645 F.3d 709, 711 (5th Cir. 2011). Section 1B1.10(b)(1) of the Sentencing Guidelines provides:

> (1) <u>In General</u>. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(1)(2011). "A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.* at § 1B1.10(a)(2)(B).

In determining an appropriate sentence for a drug offense in violation of 21 U.S.C. § 841(a)(1), a defendant's base offense level is calculated according to the type and quantity of drug involved. *Id.* at § 2D1.1(c); *see Dorsey,* 132 S. Ct. at 2325, 2327. If more than one controlled substance is involved, "the Drug Equivalency Tables [] provide a means for combining differing controlled substances to obtain a single offense level." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c), cmt. 10(B),(D)(2011). Each of the drugs is converted to its marihuana equivalent, the quantities are added, and the Drug Quantity Table is referenced to discern the

4

combined offense level. *Id.*

C.     Analysis

In this case, Defendant's original Sentencing Guideline range was based on 27.4 grams of cocaine base and 14.2 grams of cocaine hydrochloride. Under the amendments to the Guidelines, 1 gram of cocaine base now equates to 3,571 grams of marihuana. Accordingly, 27.4 grams of cocaine base converts to 97.845 kilograms of marihuana. Amendment 750 does not change the Guideline range calculation for offenses involving cocaine hydrochloride. One gram of cocaine hydrochloride remains equivalent to 200 grams of marihuana. Accordingly, 14.2 grams of cocaine hydrochloride still converts to 2.84 kilograms of marihuana.

Adding these figures together, the marihuana equivalency for 27.4 grams of cocaine base and 14.2 grams of cocaine hydrochloride is 100.685 kilograms of marihuana. The Drug Quantity Table provides a base offense level of 26 for offenses involving "[a]t least 100 KG but less than 400 KG of Marihuana." *Id.* at § 2D1.1(c). Thus, even after application of Amendment 750, Defendant's base offense level remains 26. After the offense level is reduced three levels to 23 for Defendant's acceptance of responsibility, as it was at his original sentencing, the applicable Guideline range remains 84 to 105 months, given Defendant's criminal history category. Because Amendment 750 does not have the effect of lowering Defendant's Sentencing Guideline range, the Court does not have the authority to reduce Defendant's sentence. *Id.* at § 1B1.10(a)(2).

III.  CONCLUSION

Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  His Motion for Reduction of Sentence [93] should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant's Motion for Reduction of Sentence [93] is **DENIED**.

**SO ORDERED,** this the 24th day of July, 2012.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE